IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENDON A. BAKER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4228-B-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action to review the final decision of the Commissioner of Social Security
has been referred to the undersigned magistrate judge pursuant to Title 28, United
States Code, Section 636(b).

In a March 21, 2014 Notice of Deficiency and Amended Order Directing the
Filing of Briefs [Dkt. No. 25], the Court ordered Plaintiff, who is proceeding *pro se*, to,
by May 6, 2014, serve and file a brief setting forth all errors that Plaintiff contends
entitle Plaintiff to relief. The Court's order further provided that "[t]he deadlines set
forth in this order will not be modified except upon written motion for good cause
shown" *Id.* at 4.

More than a month after this deadline, Plaintiff had not filed his opening brief.
The Court cannot proceed with this case and review the Commissioner's decision until
Plaintiff files his opening brief.

On June 5, 2014, the Court issued a Notice of Deficiency and Order Extending

Briefing Deadline, giving Plaintiff until June 26, 2014 in which to file his opening brief. *See* Dkt. No. 26. Plaintiff was "warned that failure to comply with this order may result in the imposition of sanctions, including dismissal of Plaintiff's action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) if – absent any response from Plaintiff to the Court's orders – the Court determines that imposition of lesser sanctions would be futile." *Id.* at 1-2.

Still Plaintiff has made no filing and has not otherwise communicated with the Court. After receiving the Plaintiff's corrected address, all of the Court's orders and notices have been mailed to Plaintiff, and none of those mailings have been returned as undeliverable. Plaintiff did not respond to the March 21, 2014 Notice of Deficiency and Amended Order Directing the Filing of Briefs [Dkt. No. 25] or file the required brief by May 6, 2014. He did not respond to the June 5, 2014 Notice of Deficiency and Order Extending Briefing Deadline [Dkt. No. 26] or file the required brief by June 26, 2014. And, in the last eight months, Plaintiff has failed to submit anything to the Court on this matter. *See* Dkt. No. 7.

Because Plaintiff has failed to respond to the Court's orders or otherwise file the required brief in support of his claims, the undersigned now recommends that the Court should dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). But, if, within 14 days of the date of this recommendation, Plaintiff makes a filing with the Court indicating that he intends to file a brief, the Court should refer the case back to the undersigned magistrate judge for further case management.

**Legal Standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

Plaintiff has failed to file a brief setting forth the errors that Plaintiff contends entitle Plaintiff to relief, and Plaintiff has ignored the Court's notices of deficiency, despite the Court's warning that failure to comply with the Court's order may result in the imposition of sanctions, including dismissal of Plaintiff's action for want of prosecution under Rule 41(b). *See* Dkt. No. 25. Since the time that the Commissioner filed an Answer [Dkt. No. 17], Plaintiff has failed to file any document or take any action that would indicate that Plaintiff intends to pursue this case. Indeed, Plaintiff has not made any filings or taken any action in this case after responding to the Magistrate Judge's Questionnaire on November 5, 2013, *see* Dkt. Nos. 3, 4, & 7, and, because of the brevity and ambiguity of his Complaint, it is impossible for the Court

3

to determine the basis for his claims, *see* Dkt. No. 3; Dkt. No. 7.

The undersigned concludes from these facts that Plaintiff no longer wishes to pursue his claims. In short, by his inaction, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating [his] claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012). A Rule 41(b) dismissal of Plaintiff's case is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders and file the brief necessary for the Court to adjudicate his claims.

This action should be dismissed for Plaintiff's failing to prosecute and failing to comply with the Court's orders. *Accord Davis v. Colvin*, No. 3:13-cv-3730-B-BF, 2013 WL 1499379 (N.D. Tex. Mar. 12, 2013), *rec. adopted*, 2013 WL 1501617 (N.D. Tex. Apr. 12, 2013) (citing cases).

## Recommendation

The Court should dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). But, if, within 14 days of the date of this recommendation, Plaintiff makes a filing with the Court indicating that he intends to file a brief, the Court should refer the case back to the undersigned magistrate judge for further case management.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 1, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE